Good morning, Your Honors. Laura Duskin with the Federal Public Defender's Office for the Western District of Oklahoma, and we represent Appellant O'Shea Brown. I'd like to focus today on the kidnapping issue that we have, outstanding, and the guidelines issue. We had three prior convictions in play that bore on Mr. Brown's guidelines. We had whether a controlled substance offense was a controlled substance offense, which we concede is resolved now. Now, you did not respond to the argument by the government that an alternative basis of affirmance would be the kidnapping charge, did you, in your appellate brief? That's correct, and the failure to address an issue in a reply does constitute a waiver of any non-obvious responses. So I'm going to structure my argument around what I think would have been obvious responses to the government's claims there. And my understanding from the case law is that an obvious response is one that is apparent from precedent and the great weight of authority. And I'm getting that from, I'm not sure how you say it, say S-E-A-Y versus Oklahoma Board of Dentistry, and that's at 2022 Westlaw 2046511. That's a Tenth Circuit case from 2022. And then they cited a couple of other cases, including a criminal case, U.S. v. Miller, 978 F. 3rd 746, Tenth Circuit 2020. So, that being the case, I think that what I should have responded in reply, but failed to do so, but will do so now, is that the precedent under the Tenth Circuit, if you look at it, it is well established how this circuit determines what is the generic definition of an offense. And the question here is whether Oklahoma kidnapping is broader than generic kidnapping. And what is generic kidnapping? Well, and I think there's nothing obvious about what generic kidnapping is. It's all over the board, isn't it? Well, the circuit courts have various definitions of what is a generic kidnapping, but none of them comport with what the government's argument is regarding what should be generic kidnapping. So, it's well established here that the way that you would analyze this is that you look to a wide range of sources. You look to federal and state statutes, the model penal code, dictionaries, treatises. And what the government is asking this court to do is to not follow that at all, but to say, well, the federal statutes have a kidnapping statute. It's not a definitional statute, but it's a criminal statute that defines kidnapping in the same way, essentially, that Oklahoma defines kidnapping. Well, and we would include looking at the federal definition in determining what's generic, wouldn't we? Certainly, yes. But it doesn't end there. So, what the government is saying is that, my understanding is that, they're basically saying if the federal government defines kidnapping, it belies reason and makes no sense for that to not be what generic kidnapping is. For Oklahoma's statute to mimic the federal statute, how can that not be generic kidnapping? Well, I think actually the argument is that it should at least include the federal definition, not that it is coterminous with the federal definition. Do you think that's fair? I think that it's fair, but I do think that they would end it there. They're wanting us to just look at the federal statute and see that it matches the Oklahoma's definition, and then ignore the fact that the rest of the states have a much more defined, narrower definition of what encompasses kidnapping. And that was discussed in the De Jesus Ventura case cited by the government. And they go through what all the states do, and all the various definitions of kidnapping. They look to the model penal code, and then just as the government cited in its brief, you're left with only six states, the District of Columbia, and the federal government, defining kidnapping in the way that Oklahoma does and the federal government does. So in the posture that you're in, having to look for a basically obvious conclusion, would you agree that what we need to do is look at the sources you think should provide the definition, and the sources that the government thinks should provide the definition, and determine if it's obvious that the government's wrong? Yes. Okay. In the five circuits that you talk about, I found it interesting that four of them never even mention the federal definition of the crime at issue. That's true. They didn't, but I don't think that that would alter the end analysis if they included it in there. Because you can't just look at, or we're not supposed to just look at the federal definition alone. You have, you know, all the states' definitions in play, too. So they skipped right to that. Well, I mean, I guess even if you don't look at the federal definition alone, should you at least include it in your collection of data? Yes. So four of those circuits didn't. Right. I do think so, but I think if you still even engage in their analysis, plus include the federal code in that analysis, it wouldn't, it shouldn't change anything. Just like in O'Connor in 2017 when they were looking at the federal Hobbs Act robbery. So you had an Oklahoma definition of robbery. I think it was Oklahoma. Anyway, a state definition of robbery. And, no, no, no, I'm sorry. They just have the Hobbs Act robbery was the prior, and the question is, is that a crime of violence? And so there it wasn't, you're not just looking at, well, it's a federal definition, so it must meet what the guidelines mean by robbery. It was an entire analysis, the one that I mentioned there, where you look at, that is just one factor. And then you also look to, well, how do the states define it? How does the model penal code define it? And, you know, the holding was that Hobbs Act robbery is not a crime of violence, within the meaning of 4B1.2. So I think that what that means is that here you engage in that same analysis, and you come to the conclusion, just like De Jesus Ventura did, that when you look at what all the states do, and including the federal, the federal definition and Oklahoma's definition is really an anomaly. It includes much more, you can much more easily be convicted of kidnapping there than in other states that require more heightened intent or aggravating factors. Does it matter that there doesn't seem to be any consensus among the states on what aggravating factors you need? No, not for these purposes, because we don't have an aggravating factor at all in Oklahoma. So we're looking at Oklahoma's definition. Also, I wanted to mention that, you know, the Miller case that was cited by this court in supporting that an error is ordinary and obvious when it is apparent from precedent or the great weight of authority, the Miller case was a plain error case. And this, it's sort of tantamount to did I commit plain error by not including that in my reply. But I wanted to say that in Cantu, for example, the Francisco Cantu case, which I can supply a site later, you had a case where nobody had ever held, this court had never held that Oklahoma's controlled substance offenses not to be controlled substance offenses under the ACCA. That had never been done, and this court had looked at that argument before. But in Cantu, they held that, based on the argument there, that it was plain error for the district court to hold that Oklahoma's 2-401 controlled substance statute was to be a controlled substance offense under the ACCA. So I just use that as an example for how this court has generally used, okay, what's our structure, how do we analyze these cases? And if this is the structure, and you apply it to that, and because doing that did not result in the Cantu case, for example, the Oklahoma's controlled substance offense statute being a controlled substance offense under plain error, that follows here. When you follow the structure that this court has given for how to analyze the case, I think that you come down to the answer that, yes, Oklahoma kidnapping is not kidnapping under the meaning of the guidelines. Also, the guidelines did not, they know how to refer to federal statutes, and they do so regularly when they mean specifically what we mean by, for example, in 4 by 1.2 extortion, this is what we mean, and they refer to a federal statute. And here they specifically did not do so. Counsel, as time is passing, could you help us understand, if we disagree with you on kidnapping and we say that it's not obvious, what, I guess, your backup argument would be? If it's not obvious, and so I don't get to make all these arguments, don't get taken into consideration, I would say that the district court didn't make a holding on this matter, and so we don't have any record of how the district court would have analyzed it. I understand the district court does have the authority to review this de novo, but this can more easily, I don't think this is the case to necessarily make the holding, because it can be, you can also remand to the district court and have them decide, and the district court may decide, you know, yes, I agree that kidnapping is a crime of violence, or no, it's not a crime of violence, and regardless, my sentence does not change. I don't know if that's what the court will do, but that's a possibility here, and so it's not necessary to come to a ruling at this point. Thank you. Okay, I'll reserve the rest. Thank you. It pleases the court. My name is Arvo McKinnon. I'm an assistant U.S. attorney in the Western District of Oklahoma, representing the appellee in this case, and as the court is well aware, the two other issues with respect to calculation of the advisory guideline range of a drug offense or a crime of violence have been resolved by the other cases that both parties have agreed to, which brings us to the kidnapping issue, and the government did provide a lengthy and detailed argument in its response as an alternative. I want to remind the court in terms of whether or not this needs to be remanded or not, the district court judge below did orally make a determination whether or not kidnapping would be considered to be, under the enumerated portion of the definition of a crime of violence, in fact, did qualify. But then he vacated it. Yes, he later vacated it. That's correct. So, I mean, I think from my perspective, that ruling no longer exists. Exactly. That doesn't exist any longer, but my point is this. This is really a matter of law. This court can decide it. There's really nothing more that the district court, in effect, finding issues that need to be addressed. So in light of the fact the court has already ruled on it, I think that demonstrates that there's no need to remand it back to the district court. The district court had all their arguments in front of it, made a ruling, vacated it, and I think that's essentially a decision that leaves it for this court to make. I mean, there's no need to send it back anyway. Is there, if it was fully briefed below, both parties had an opportunity to address it? Well, I think there have been some subsequent developments. Obviously, when the three cases were initially briefed when this appeal first came, it didn't matter. But it only matters now because those two other issues have been decided and the judge vacated it. Okay. So it sounds like you don't agree with that, that maybe there is a reason to send it back. No. I do not believe that there's a reason to send it back. Okay. And in terms of looking at the Federal definition, the generic definition of kidnapping, you know, Judge McHugh, I think you're correct. When the courts, the other circuit courts that have looked at this issue, they really haven't looked specifically at the Federal kidnapping. So if we go back and take a look at what the Sentencing Commission did, we go back in time and take a look at, of course, they list out the crimes of violence as having elements of force or use of force or threatened use of force. And then they have the enumerated offenses, which includes kidnapping. So if we go back and look at what the Censusing Commission did, they first included a specific reference to kidnapping back in the commentary back in, and it was Amendment 268 back in 1989. So it's been there for a long time. That was in the commentary. Then ultimately, for whatever reason, it became so important that the Censusing Commission moved it into the actual text of the Amendment 268 in 2016, November 1st of 2016. So when we look at the definition of kidnapping, and I understand that all the states have different definitions. Some of the circuit courts have described this as aggravating situations or aggravating circumstances. But where we start from is basic kidnapping. So we should certainly at least include the Federal kidnapping. And the Federal kidnapping basically has the two common elements, the same thing that's in the Black's Law Dictionaries, which is another thing that the courts consider. And some of the states have, you know, added aggravating circumstances, traveling across state lines or threats or holding somebody hostage for nefarious purposes. There's cases all over the board. My point is that there is a basic definition of kidnapping. One of the complications here is that this circuit does not recognize that two-element basic definition of kidnapping. This circuit has added a third element, right? It has to be for the benefit of the kidnapper. Well, actually, we didn't brief that in these cases. And I think certainly that would fall within what the Federal definition would be. What I'm saying is that it's a basic definition of kidnapping. And what the other states have done are essentially more aggravating circumstances that have not eliminated the fact that it's kidnapping, but basically have further defined it. And so what is the generic definition of kidnapping in your view? Well, you know, I think when the Tenth Circuit looked at, you know, down in the lower court, they cited the Fifth Circuit, a couple of briefs that were, and in the briefing that took place at the lower level, there were a couple of decisions by the Fifth Circuit that looked at the Oklahoma statute, and of course they determined under the enumerated clause that the Oklahoma kidnapping didn't qualify. I would point the court certainly to, that case was originally heard by the three-judge panel. There was a petition to rehear that case. And then ultimately the petition was not granted, but there was a very detailed and critical analysis of what the three-judge panel had done in a dissent from the granting of the petition of a rehearing. And that was one of the issues that was clearly set forth was that the end result essentially eliminates the federal kidnapping. And that is a result that shouldn't be contemplated, and that was one of the reasons that at least the dissenters felt as though the petition for rehearing should have been granted. Counsel? Yes. Go ahead. Could you help us understand that you're arguing essentially that we should look at this question de novo? Is that what you're saying? Or what is our standard of review? I believe that certainly, I guess the starting point would be to look at the federal statute and see what the federal statute provides. That would be a starting point. Then to look at the other definitions that could come from the model penal code, that could come from Black's Law Dictionary, could come from the other courts that have considered this. I guess I'm getting to, though, your opposing counsel has said she should have briefed us. Yes. And what does that do to our review? Well, number one, I guess I should say I don't think the answer to this question is obvious. So to the extent we're looking at a plain error type review, I think even this court has said previously in one of the cases that we cited, it's not obvious and essentially found no plain error in considering the California statute, which is very similar to the Oklahoma statute. So I don't think there's a clear definition here of what kidnapping should be. Certainly, I would say as a beginning point, if the sentencing guideline is referring to kidnapping, perhaps they're not going to cite the federal kidnapping statute because, of course, federal kidnapping is not the only kidnapping that there is. So I'm sure when they included just the word kidnapping, they probably meant to include not only the federal definition, at least the federal definition and the six other states that don't have these quote unquote aggravating circumstances and whatever else another state has decided to do. So if a state has decided to add heightened nefarious purposes behind a kidnapping statute, has added a travel requirement, has added an extortion type of requirement, that doesn't eliminate the fact that we still have kidnapping. And so that's our position. That's the starting point. And at least the guidelines drafters would have realized that if they're going to include federal kidnapping, that that should be the base definition and certainly should be what this court considers to be a generic definition. I know the other issue that I don't know if it's still before the court. It hasn't really been addressed. The defense counsel didn't bring it up.  Certainly, as this court has many, many precedents before it that demonstrate that questions about credibility of a witness, questions about evidence and whether or not to consider the veracity of a particular witness, should that be something that the appellate court considers? Of course, unless it's something so far out of reason or literally physically impossible under the laws of nature, this court should defer to a determination made by the district court judge. And for that reason, the motions to suppress the argument that was brought up about the officer of the Chickasaw Light Horse not being able to see into the vehicle, that determination was made by the district court. The judge actually made specific findings. He believed that witness. He made findings about her ability to see the marijuana cigarette. And in addition to that, we've also supplemented the record with two items just for the court's benefit, which was a video from the casino that looked at the vehicle. And you can see through the windows. And number two, we recently submitted the record to show the actual location of the marijuana cigarette on the car mat on the driver's side of the vehicle. So, again, Judge Goodwin made a determination as a district court judge. It really would not be appropriate for this court to second guess that determination.  And he relied not just upon the fact of viewing of the marijuana cigarette, but also the fact that there was alcohol seen in the vehicle, which also provided probable cause. When the defendant came out of the casino, he said that he would retrieve the marijuana cigarette, which was essentially an admission that it was a marijuana cigarette. He was also glassy-eyed and demonstrated some indicia of being intoxicated. And then, of course, he had driven his vehicle through a grassy area and caused mud and grass to get under the vehicle. So considering all of those as part of probable cause, the judge made a proper determination in that the officer certainly had probable cause to go in the vehicle to ultimately find the firearm that was the basis for this prosecution. So for that reason, that argument should not be sustained. And I would go back and take a look again at another case, another circuit court case, which is instructive, the Rodriguez case, and that came out of the Third Circuit. Now, the Third Circuit case, again, it's not published, but they were looking at whether or not, again, this was a plein air analysis of whether or not the federal kidnapping should be considered to be a crime of violence under the enumerated portion of the guideline at issue here. And looking at that case, and that's 747 Fed Appendix 93, and we've cited that in our brief, they held also there that under 4B1.2A2, that the conclusion of the federal kidnapping statute does not describe a kidnapping offense as counterintuitive. Now, this court also described the other cases from the D.C. Circuit that summarized the variety of cases that have been considered to be whether or not they're crimes of violence or not, if they're a kidnapping case, and essentially provided a summary. They also looked at some of the other definitions, and it, again, goes to this argument that certainly at a minimum, the federal kidnapping should be considered. And I would also direct this court to the Nahara-Mendoza, that dissent that I mentioned, specifically at page 389, where at least four of the judges of the Tenth Circuit basically, I mean, excuse me, of the Fifth Circuit, said that the majority opinion in Nahara-Mendoza was so far off the mark, and they say veered so far off of a sensible course, that they were concerned because the federal kidnapping statute doesn't meet the generic contemplated definition of kidnapping. And essentially, they said that the federal statute, after all, doesn't contain what they said was needed. They added something to it and said, consequently, the federal statute is now thrown into the trash bin with all the other kidnapping statutes that do not measure up to this panel's hair-splitting analysis. And you need to sum up because your time is out. Thank you. I think you have a little over two minutes for rebuttal. Yes, as to the kidnapping, while there's no consensus among the circuits as to what is the generic definition, none support the government's approach here. Doesn't that mean this isn't obvious? Well, no. I would press that it still is, because under our circuit's approach, it would still come out the same, because the federal law is just one of many, many things that we're supposed to consider. And the majority of the states come out, you know, as I already said, and I don't want to get repetitive, but it's really just six states and the federal government's definition that would be out under the crime of violence provision of 4B1.2. And it doesn't come down to whether, you know, the federal government, just like the states, can call a criminal statute anything that it wants. It can label it kidnapping, murder, but it comes down to how do they define the statute. That does not mean that it is equivalent to the generic definition. And I think very strongly that the guidelines here, I mean, they refer specifically to specific federal statutes, as I've already said, even within the 4B1.2, but they don't do that for kidnapping. If they meant that it's equivalent to the federal statute, they would have said so. And I think this court has gone through that type of analysis in other cases as well, as we're looking at the guidelines and what the guidelines mean. It doesn't have to match up with a federal specific statutory definition. And importantly here, the federal crime of kidnapping is not a definitional statute. That's just the federal crime. So if there's no more questions on the kidnapping issue, I'll address briefly the suppression issue. Just what the government mentioned with the bottles of alcohol or open containers in the car, the district court did mention that the containers is also supporting probable cause. I would push back that the containers really aren't part. You have to have a moving violation for open container to be a crime in the state of Oklahoma. So if you just have an open container in a parked car, that's not evidence of a crime. So I just think the focus here is on marijuana. So you're going to have to wrap up. Yes. I don't have anything further to say beyond what I briefed on the motion to suppress. Just wanted to point that out. Thank you. Thank you. We will take that matter under advisement.